## McGuffie *v*. Dervine.

Nothing appearing in the record to the contrary, it will be presumed that the officer in a replevin suit obtained a bond as required by law, from the plaintiff, before executing the writ.

When judgment is rendered for more than two witnesses' fees, it will be presumed that the certificate of the judge, that more than two were necessary, was regularly made.

Questions in relation to costs should first be adjudicated in the court below on a motion to re-tax.

Error, *to Des Moines District Court.*

*M. D. Browning,* for the plaintiff in error.

*J. C. Hall,* for the defendant.

*Opinion by* Greene, J.   The proceedings in this case were commenced before a justice of the peace, in an action of replevin.   An appeal was taken to the district court, in which judgment was rendered against McGuffie, the defendant below. The first error relied upon is, that there was no replevin bond executed by the plaintiff to the officer, as required by the *Rev. Stat.* p. 338, § 5.   This objection appears not to have been raised before the justice, or in the district court. From the fact that there is no replevin bond on file among the papers, nor referred to in the transcript of the record, it is assumed that none was given.

Before executing the writ of replevin, it became necessary for the officer to require a bond of the plaintiff.   The taking of such security is prescribed in the writ, and the presumption of law is, that the officer performed his duty, in requiring a compliance with the statute.   This court will presume that the constable proceeded legally, till the contrary is established. We can only act upon such errors as are affirmatively apparent in the records.

Though there is no bond on file or referred to in the transcript, it is by no means conclusive that the officer failed to

procure one. It is no unusual occurrence for constables and magistrates to retain such instruments in their possession ; and they are seldom contained among the papers in cases of appeal ; and indeed we can see no necessity for bringing up such papers, unless some question, as to their sufficiency in substance or form, should be raised for the determination of the appellate court.

But even if rendered certain that the necessary bond had not been given, we should seriously doubt the propriety of reversing the judgment on that account. It would be an omission that could work no injustice to the party ; nor vary the verdict or judgment below. Without the bond, the defendant, if injured by the replevin proceedings, would have the same recourse upon the officer and his security, as he could have had upon the bond.

The second error relied upon is, that judgment for costs was rendered for more than two witnesses, without the certificate of the judge, as required by statute. This error does not appear affirmatively upon the record, and till it does so appear, we are to presume that the judgment for cost was properly rendered. If the party feels injured by such a judgment, he should first seek a remedy in the district court on a motion for the re-taxation of costs.

Judgment affirmed.